UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-14027-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM FRANKLIN JOHNSON,

    Defendant.
_____/

FILED by _____ D.C.

NOV - 4 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSION TO VIOLATIONS AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on November 4, 2014, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on November 4, 2014, for a final evidentiary hearing in respect to the Petition Alleging Violations of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Special Condition**, by buying, selling exchanging, possessing, trading or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or about August 20, 2014 through September 9, 2014, the defendant bought, sold, exchanged, possessed and/or produced visual depictions of minors and/or adults engaged in sexually explicit conduct as evidenced by the Web History taken from the defendant's LG cell phone that was forensically examined. |

   **Violation Number 2**  **Violation of Special Condition**, by buying, selling exchanging, possessing, trading or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or before September 27, 2014, the defendant bought, sold, exchanged, possessed and/or produced visual depictions of minors and/or adults engaged in sexually explicit conduct as evidenced by confession of watching pornography with his ex-wife.

  2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit the two violations as set forth in the Petition. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

  3. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

  4. The government submitted Government's Exhibit No. 1 into evidence which is a copy of Detective Broughton's forensic examination of the Defendant's subject cellular telephone in this case. The exhibit was admitted into evidence without objection from the Defendant. This exhibit appears to set forth very brief descriptions of items which were found on the telephone by Detective Broughton during his forensic examination. The government had no additional evidence to submit.

5.      As stated at the outset of the hearing, this Court is utilizing the letter/memorandum from USPO Osking to Judge Moore dated October 21, 2014 to serve as a factual basis for the Defendant's admissions to these violations. Both counsel for the government and the Defendant received copies of this correspondence/memorandum at the Defendant's initial appearance. Neither party had any objection to this Court utilizing the letter to serve as a factual basis for the Defendant's admissions to these violations set forth in the Petition. This letter asserts that on September 27, 2014 USPO Osking conducted a home visit at the Defendant's residence as is permitted under the conditions of supervised release. During an inspection of the residence, USPO Osking noticed a cellular telephone next to the Defendant's bed. The telephone was on. USPO Osking asked the Defendant if it was alright to look at the telephone and the Defendant consented. A review of the web history on the phone reflected multiple searches for pornographic web sites. USPO Osking admonished the Defendant and instructed him not to obtain any more pornography or view any more pornography. The telephone and charger were confiscated for a forensic examination. It was turned over to Detective Broughton of the Martin County Sheriff's Office for this examination. Detective Broughton's report has been admitted as Government's Exhibit No. 1 referenced above.

USPO Osking asked the Defendant if he had any more pornography and the Defendant stated that he did not. The Defendant admitted that since his release he had viewed other pornography with his ex-wife.

The examination of the Defendant's phone which was confiscated by USPO Osking revealed that between the dates of August 20, 2014 and September 9, 2014, the Defendant made numerous searches and viewed numerous adult pornography sites. The

Defendant's amended conditions of supervised release, as reflected on the first page of the Petition, restrict the Defendant from buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct.

  6. AFPD Peacock wished to place additional facts on the record to be included in this Court's Report and Recommendation to the District Court. Mr. Peacock stated that the telephone in question was given to the Defendant by his boss so that the Defendant could stay in touch with his work place. The Defendant loaned the phone to his nephew. The Defendant is not technically familiar with the Internet or how to access social media by way of computer or cellular telephone. The Defendant's nephew purportedly downloaded this pornography onto the phone. The Defendant knew that it was there and did view the pornography after it had been downloaded onto his phone by his nephew. The Defendant admitted this to the Court on the record during questioning. The Defendant also admitted that he knew viewing this pornography and possessing it on his telephone, even though it was downloaded by his nephew, was a violation of his conditions of supervised release.

  In respect to Violation Number 2, USPO Osking stated that this relates to the Defendant's admission to USPO Osking that the Defendant had viewed other pornography with his ex-wife. By way of explanation, Mr. Peacock, at this hearing, stated that the Defendant viewed the pornography with his ex-wife. This Court inquired of the Defendant on the record as to how this took place. The Defendant stated that he went to the home of his ex-wife's mother. As he walked in, he saw his ex-wife watching television and saw that she was viewing pornography on the television. He saw the pornography and then left the residence. He admits to looking at that pornography while in the residence and then

immediately leaving the residence. He further admitted that he knew this was a violation of his conditions of supervised release as amended by the District Court back on December 1, 2008.

7. It appears to the Court that these are technical violations. The Defendant knew that his nephew had purportedly downloaded pornography onto the Defendant's cellular telephone. The Defendant possessed that phone and viewed the pornography knowing that it was a violation of his supervised release conditions. Likewise, the Defendant, for what appears by the record to be a very brief encounter with his ex-wife, did view pornography while his ex-wife was watching it at her mother's home. It does not appear as though the Defendant initiated this viewing or that the Defendant sat and watched the pornography for any length of time. In fact, the Defendant stated that once he viewed what was on the television and realized that it was pornography, he then left the house. Once again, this does appear to violate the specific terms of his supervised release. This Court believes that this extended explanation was appropriate in order that the District Court had the complete picture of the surrounding facts and circumstances involving each of these violations. As this Court stated on the record, these explanations may be more in the nature of facts in mitigation which the District Court may wish to consider at the time of sentencing. Nevertheless, the Defendant has admitted each of these violations and the factual basis in respect to each of the violations does support a technical violation of his conditions of supervised release by his admitted conduct placed on the record.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 2 of the Petition under oath, this Court recommends to the District Court that the

Defendant be found to have violated his supervised release in respect to Violations Numbers 1 and 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 4th day of November, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal